The Full Commission has reviewed this matter and the prior Opinion and Award based on the record of the proceedings before former Deputy Commissioner Scott M. Taylor, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, in an Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on 8 November 1988, and in a Pre-Trial Agreement dated 24 October 1995, as
STIPULATIONS
1. On or about 3 September 1988, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Company was the compensation carrier on the risk.
4. On or about 3 September 1988, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. Plaintiff's last date of employment with defendant-employer was 3 September 1988.
6. Plaintiff's average weekly wage was $216.00, yielding a compensation rate of $144.01.
7. Indexed medical records, identified in number 5 of the Pre-Trial Agreement, are stipulated into evidence.
8. Additional medical records, as identified by stipulation dated 10 January 1996, are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before former Deputy Commissioner Taylor on 24 October 1995, plaintiff was a 47 year old woman.
2. As a result of plaintiff's compensable injury on or about 3 September 1988, plaintiff developed an occupationally related condition which includes severe and chronic shortness of breath, chest tightness and coughing. Secondary to this condition, plaintiff experiences bouts of anxiety and depression and has headaches and blackout episodes. Plaintiff's condition is serious, disabling and potentially life-threatening.
3. Defendants have paid plaintiff temporary total disability compensation beginning 10 September 1988 and continue to pay these benefits.
4. Due to her occupational related condition, plaintiff has required attendant care since at least 1990, and currently requires attendant care eight hours per day, five days per week.
5. Since 3 September 1988, Tonya Dial, daughter of the plaintiff, has provided attendant care, including transportation to and from doctor appointments and hospitals, preparation of meals, household duties such as laundry and cleaning, monitoring of medications, and calling for emergency medical services when necessary. From 1988 until the fourth quarter of 1992, attendant care was provided by Tonya Dial for three hours per day, five days per week, during the normal work week. From the fourth quarter of 1992 until the present, Tonya Dial provided attendant care services for plaintiff for eight hours per day, five days per week during the normal work week. Tonya Dial never received payment for any of the services she provided to plaintiff, although plaintiff needed and benefited from these services.
6. As a result of her compensable condition, plaintiff is in need of future attendant care, eight hours per day, five days per week in that the same would provide some needed relief from her occupational limitations and symptoms. The equitable rate of pay for such attendant care is $6.00 per hour.
7. Plaintiff's treating physician has prescribed Methotrexate to better control plaintiff's occupational related asthma, which is reasonably necessary to treat her occupational condition.
* * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of plaintiff's compensable accident, plaintiff is entitled to reasonable and necessary medical treatment, including attendant care at defendants' expense and payment for the drug Methotrexate, as prescribed by her treating physician. G.S. § 97-25; G.S. § 97-29. See, Little v. Penn Ventilator Company,317 N.C. 206, 345 S.E.2d 204 (1988).
2. Tonya Dial, daughter of plaintiff, or her successor, providing these services, is entitled to payment for attendant care provided to plaintiff, past and future, at the equitable rate of $6.00 per hour.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of former Deputy Commissioner Taylor and enters the following:
AWARD
1. As a result of plaintiff's compensable accident on or about 3 September 1988, defendants shall pay for attendant care provided by Tonya Dial, daughter of plaintiff, at the rate of $6.00 per hour for the following: beginning 1 January 1990 through the fourth quarter, 1992, three hours per day, five days per week; from the fourth quarter, 1992 through the present, eight hours per day, five days per week. Beginning immediately and until Tonya Dial ceases to provide attendant care for plaintiff, defendants will pay for Tonya Dial's services at the rate of $6.00 per hour for eight hours per day, five days per week.
2. Should Tonya Dial cease to provide attendant care services, defendants will pay to Anita Dial the sum of $6.00 per hour for the purposes of purchasing attendant care. This AWARD shall be subject to modification should the marketplace require a greater amount per hour to obtain attendant care or if a greater number of hours per day are needed for attendant care.
3. A reasonable attorney fee in the amount of twenty-five percent of the accrued attendant care paid by defendants for his services rendered in the collection of the same shall be paid by defendants directly to plaintiff's counsel.
4. Defendants shall pay for all medications which tend to give needed relief of plaintiff's symptoms caused by plaintiff's occupationally related condition, including Methotrexate.
5. Defendants shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________________ COY M. VANCE COMMISSIONER